UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RICARDO IRIVE,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>RENEE BAKER, et al.,<br><br>　　　　　Respondents. | Case No. 2:16-cv-00241-MMD-WGC<br><br>ORDER |

In this habeas corpus action brought *pro se* by Nevada prisoner Ricardo Irive, the Court ordered the respondents to respond to Irive's *pro se* habeas petition (ECF No. 6) by June 10, 2016. *See* Order entered April 11, 2016 (ECF No. 5) (60 days for response).

In light of the exhibits filed by the respondents in Irive's other, related, habeas corpus action — *Irive v. Baker*, 3:15-cv-00487-MMD-WGC — the Court determines that appointment of counsel is warranted in this case.

"Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986) (citing *Kreiling v. Field*, 431 F.2d 638, 640 (9th Cir.1970) (per curiam). The court may, however, appoint counsel at any stage of the proceedings "if the interests of justice so require." *See* 18 U.S.C. § 3006A; *see also* Rule 8(c), Rules Governing § 2254 Cases; *Chaney*, 801 F.2d at 1196. In this case, in light of the state-

court record filed in Irive's related case, and taking into consideration the nature of the claims made by Irive, Irive's lack of sophistication with respect to the law, and Irive's relatively long prison sentence, the Court finds that appointment of counsel is in the interests of justice.

The appointment of counsel for Irive, and the anticipated amendment of his habeas petition with the assistance of counsel, renders moot the order for respondents to respond to Irive's *pro se* petition, and that order will be vacated.

It is therefore ordered that the Federal Public Defender for the District of Nevada (FPD) is appointed to represent the petitioner in this case. If the FPD is unable to represent the petitioner, due to a conflict of interest or other reason, then alternate counsel will be located and appointed. In either case, counsel will represent the petitioner in all federal-court proceedings relating to this matter, unless allowed to withdraw.

It is further ordered that the Clerk of the Court electronically serve on the FPD a copy of this order, together with a copy of the petition for writ of habeas corpus (ECF No. 6). The FPD shall have twenty (20) days from the date of entry of this order to file a notice of appearance, or to indicate to the Court its inability to represent the petitioner in this case.

It is further ordered that the order requiring respondents to respond to the petitioner's *pro se* petition for writ of habeas corpus is vacated. A new schedule for further proceedings will be established after counsel appears for the petitioner.

Dated this 4th day of May 2016.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE